UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

HUZU, LLC,

    Plaintiff,

v.

NINE LINE APPAREL, INC.

    Defendant.

4:17-CV-00164-WTM-GRS

## JUDGMENT IN A CIVIL ACTION

Plaintiff having accepted Defendant's Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, the Court orders that:

1. This Court has jurisdiction under 28 U.S.C. §§1331 and 1338(a) for the claims and counterclaims.

2. Plaintiff owns U.S. Patent No. 9,445,637 (the "'637 Patent").

3. Defendant's importation into the United States, and its sale, offer to sell, and use in the United States of its "Tailgater Hoodie" and "Tailgater Stout Hoodie" (collectively the "Accused Product") as identified in the Complaint, have infringed the '637 Patent under 35 U.S.C. §271(a).

4. Plaintiff shall recover from Defendant a total of Forty Four Thousand Fifty Six Dollars ($44,056), which includes prejudgment interest and costs accrued in this action. That amount also includes all damages for past infringement as well as for Defendant's future sales of its presently owned inventory of Accused Product totaling less than 6500 units (i.e., individual shirts). Accordingly, Defendant shall be

permitted to sell, without further payment to Plaintiff, the Accused Product that it owns up to 6500 units.

5. Subsequent to the filing of the present action, Defendant began selling a sweatshirt product (the "New Product"), a specimen of which has been provided to Plaintiff for inspection. The New Product resembles the Accused Product in part, but unlike the Accused Product, the New Product lacks a hook and loop (also known as Velcro) fastener on the "first end 162" of the "pocket 160" (where the first end 162 and the pocket 160 are as shown in Fig. 2 of the '637 Patent). Moreover, in the New Product the first and second sides of the "first end 162" of the pocket are not removably attached to one another. Nor does the New Product have a reclosable fastener or other "means for selectively opening and closing the first end of the pocket." The '637 Patent is not infringed by Defendant's importation into the United States, or its sale, offer for sale, use, or manufacture in the United States of the New Product.

6. This case is not an "exceptional case" within the meaning of 35 U.S.C. §285. Attorney's fees shall not be recovered by any party.

7. Plaintiff's request for injunctive relief is denied. Should sales of the Accused Product continue or resume after the sell-off of presently-owned inventory described above, Plaintiff may initiate a new action regarding such new sales of the Accused Product.

8. All claims, counterclaims, and requests for relief not expressly addressed herein are dismissed with prejudice.

Date: March 1, 2018

CLERK OF COURT

James R. Burell

[Seal: United States District Court, Southern District of Georgia]